IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Loretta Griffith, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | No.  1:12-cv-1202 |
| ) | |
| Cavalry Portfolio Services, LLC, a ) | |
| Delaware limited liability company, and ) | |
| Cavalry Investments, LLC, a Delaware ) | |
| limited liability company, ) | |
| ) | |
|    Defendant. ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Loretta Griffith, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) many of the acts and transactions occurred here; b) Plaintiff resided here; and, c) Defendants transact business here.

**PARTIES**

3. Plaintiff, Loretta Griffith ("Griffith"), was a citizen of the State of Indiana, who resided in the Southern District of Indiana, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a HSBC/Orchard Bank credit

card, despite the fact that she had filed bankruptcy in the Southern District of Indiana and received a discharge as to her obligation for that account.

4. Defendant, Cavalry Portfolio Services, LLC, ("Cavalry Portfolio"), is a limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana. In fact, Cavalry Portfolio was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, Cavalry Investment Investments, LLC, ("Cavalry Investments"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana. In fact, Cavalry Investments was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant Cavalry Investments is a bad debt buyer that buys up large portfolios of delinquent consumer debts for pennies on the dollar, which it then seeks to collect through its sister company, Defendant Cavalry Portfolio.

7. Defendant Cavalry Investments is authorized to conduct business in the State of Indiana and maintains a registered agent within the State of Indiana, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, both Defendants conducts business in Indiana.

8. Defendant Cavalry Investments is licensed as a debt collection agency in

the State of Indiana, see, record from the Indiana Secretary of State, Securities Division, attached as Exhibit B.  In fact, both Defendants act as collection agencies in Indiana.

## FACTUAL ALLEGATIONS

9. On December 28, 2006, Ms. Griffith and her husband filed a Chapter 13 bankruptcy petition in a matter styled In re: Griffith, S.D. Ind. Bankr. No. 12-03149-JKC-13.  On December 13, 2010, the Griffiths filed to convert their bankruptcy to a Chapter 7.  Among the creditors added to the bankruptcy was HSBC, see, Debtors' Schedule Of Post Petition Debts, which is attached as Exhibit C.

10. Accordingly, on December 16, 2010, HSBC was sent, via U.S. Mail, notice of the bankruptcy by the Griffith's counsel, see, Certificate of Service to the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines, which is attached as Exhibit D.

11. On March 29, 2011, Ms. Griffith and her husband received a discharge from the bankruptcy court of their debts, including the one she had owed to HSBC, and HSBC was sent notice of the discharge that day, via electronic transmission, see, Certificate of Notice to Discharge of Debtors, which is attached as Exhibit E.

12. Nonetheless, Defendant Cavalry Investments bought this discharged debt and, Defendants then sent a collection letter, dated July 14, 2011, directly to Ms. Griffith demanding payment of the HSBC debt she had owed prior to the bankruptcy.  A copy of this collection letter is attached as Exhibit F.

13, On August 24, 2011, Ms. Griffith's bankruptcy counsel called the defendants and informed them about the bankruptcy and demanded that they cease

their collection actions.  Moreover, on September 23, 2011, Ms. Griffith's bankruptcy counsel wrote a letter to Defendants confirming that call and reiterating that collection action had to cease.  A copy of this letter is attached as Exhibit G.

14. Nonetheless, as of July, 2012, Defendants made a negative report on Ms. Griffith credit history that she still owed them the HSBC debt.  A copy of this credit report is attached as Exhibit H.

15. All of Defendants' collection actions at issue in this matter (Exhibit H) occurred within one year of the date of this Complaint.

16. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### Violation Of § 1692e Of The FDCPA --
### Falsely Reporting That A Discharged Debt Is Owed By A Consumer

17. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, and from communicating false credit information, see 15 U.S.C. § 1692e(2)(A) and (8).

18. Making a false credit report about a debt that is no longer owed, due to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA.  See, Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

19. Defendants' violation of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Loretta Griffith, prays that this Court:

1. Find that Defendants debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Griffith, and against Defendants, for actual and statutory damages;

3. Award Plaintiff her costs and reasonable attorneys' fees; and,

4. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Loretta Griffith, demands trial by jury.

Loretta Griffith,

By:/s/ David J. Philipps___
One of Plaintiff's Attorneys

Dated: August 22, 2012

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Steven J. Halbert    (Ind. Bar No. 14254-02)
11805 N. Pennsylvania Street
AmeriCenters Building
Carmel, Indiana 46032
(317) 706-6762
(317) 706-6763 (FAX)
shalbertlaw@aol.com